UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-2376(JMR/RLE)

City of St. Cloud )
)
v. ) ORDER
)
Di Ma Corp. and Malcolm, Inc. )

Plaintiff, the City of St. Cloud ("the City"), asks the Court to declare that its amortization ordinance is valid,[1] and to enter an order enjoining defendants, Di Ma Corporation and Malcolm, Inc., from operating Pure Pleasure, an adult bookstore,[2] in derogation of that ordinance. Defendants contend the amortization ordinance lacks the predicate findings necessary to establish adverse secondary effects, and is therefore void under the First Amendment. The Court finds the Rooker-Feldman doctrine bars any reexamination of the sufficiency of evidence supporting plaintiff's claims of secondary effects and finds the amortization ordinance valid. Accordingly, an injunction is warranted.

I. Background

In 1991, the City enacted two ordinances dealing with adult entertainment within city limits. The first, Ordinance 1545, established certain zoning requirements for adult entertainment.

---

[1]An amortization ordinance requires businesses which do not conform to certain zoning requirements to cease operation by a defined date or within a set period of time.

[2]At the time of the prior state court litigation, defendants' adult bookstore was known as Adult Book & Cinema. It has since changed its name to Pure Pleasure. The Court will refer to the establishment by its current name throughout this Order.

FILED
RICHARD D. SLETTEN, CLERK
AUG 02 2001
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

The second, Ordinance 1551, established an amortization period for non-conforming adult entertainment businesses. These ordinances were challenged in a lawsuit filed in Minnesota state court. The plaintiffs in the state court action were the defendants in this case along with one other adult entertainment business, Compel Corporation ("Compel"). The plaintiffs challenged the City's ordinances on constitutional and procedural grounds. Compel also sought monetary damages from the City.

Following a trial on the merits, the state court upheld the constitutionality of both ordinances, as well as the jury verdict denying Compel's claim for damages. The Minnesota Court of Appeals affirmed the state court's determination as to Ordinance 1545 (the adult use ordinance), but reversed on Ordinance 1551 (the amortization ordinance), finding the City had failed to follow the procedure mandated for enacting new ordinances. Di Ma Corp. v. City of St. Cloud, 562 N.W.2d 312 (Minn. Ct. App. 1997). Because the procedural defect was dispositive of Ordinance 1551, the Court of Appeals did not address the constitutionality of the amortization ordinance. Id. at 320 n.1. Defendants chose not to appeal the ruling to the Minnesota Supreme Court.

Following the Court of Appeals' decision finding Ordinance 1551 procedurally flawed, the City began the process of enacting another amortization ordinance. On August 24, 1998, the City Council adopted Ordinance 1870, which required all adult entertainment businesses which did not conform to its zoning

requirements to cease operation by July 1, 2000. In December, 1998, the City advised defendants of the deadline and that they had until August 31, 2000, to request an extension. Defendants made no such request.

Although defendants have since opened a different bookstore within the area zoned for adult uses, they have refused to close Pure Pleasure. In October, 2000, plaintiff brought this action seeking to enjoin defendants' operation of Pure Pleasure. Although defendants do not allege any procedural defects with the enactment of Ordinance 1870, they challenge any injunction or enforcement of the ordinance on constitutional grounds. The Court heard oral argument on December 15, 2000.[3]

II. Analysis

Defendants claim Ordinance 1870 fails constitutional muster because the City lacks sufficient evidence of adverse secondary effects needed to justify amortization of its adult business.[4]

---

[3]Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the preliminary injunction hearing was combined with a trial on the merits.

[4]The Court notes that it is not altogether clear such proof must be made for an amortization ordinance. While any zoning ordinance that treads on First Amendment freedoms may do so only after surviving strict scrutiny, an amortization ordinance has no life beyond the zoning ordinance it supports. This means an amortization ordinance simply enables a municipality to enforce its zoning ordinances; it can be pernicious only to the extent the ordinance it enables is pernicious. Assuming arguendo that proof of secondary effects is necessary for an amortization ordinance, however, the Court considers itself bound by the state court's determinations pursuant to the Rooker-Feldman doctrine.

Defendants' problem, however, is that the Rooker-Feldman doctrine forecloses this Court's reconsideration of the sufficiency of the City's evidence.

The Rooker-Feldman doctrine requires federal courts to give "the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state." Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999). The doctrine extends, not only to claims actually adjudicated by state courts, but also covers ones "inextricably intertwined" with those claims. Id. A claim is inextricably intertwined under Rooker-Feldman if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995). The claims need not be identically named or pled; parties in a federal case "cannot by artful pleading obtain a hearing of disguised state court appeals that would otherwise be subject to a Rooker-Feldman bar." Lemonds v. St. Louis County, 222 F.2d 488, 494 (8th Cir. 2000).

Here, both the state trial and appellate courts found there was sufficient evidence of secondary effects to uphold St. Cloud's adult use zoning ordinance on constitutional grounds. That same evidence is now offered by the City to support Ordinance 1870. Defendants' attack rests on its contention that the very evidence, previously found sufficient to uphold the constitutionality of

Ordinance 1545, is now insufficient to uphold the constitutionality of Ordinance 1870. Such a claim is untenable, however, because this Court could only grant defendants the relief they seek and declare the ordinance invalid by reexamining the issues presented to the state court and determining the issues were wrongly decided. The Rooker-Feldman doctrine precludes such an examination. Charchenko, 47 F.3d at 983.

Defendants attempt to evade this ineluctable conclusion by contending the appellate court's invalidation of Ordinance 1551 disposed of the case, and the appellate court's remaining language, upholding Ordinance 1545, is obiter dicta. Because Pure Pleasure was a pre-existing use, Ordinance 1545 had no effect on it absent the amortization power of Ordinance 1551. According to defendants, when the appellate court invalidated Ordinance 1551, the case and controversy disappeared, rendering the court's ruling on the validity of Ordinance 1545 mere dicta. Defendants' analysis, while creative, is mistaken.

In the state court litigation, defendants Di Ma Corp. and Malcolm, Inc., chose to join with Compel in seeking a declaratory judgment holding both ordinances invalid. Compel, an adult entertainment establishment, did not predate Ordinance 1545, and was directly impacted by it. Therefore, the constitutionality of the adult use ordinance represented an active controversy even after the invalidation of Ordinance 1551. The appellate court's finding that sufficient evidence of secondary effects existed to

uphold Ordinance 1545 was not dicta, and this Court is bound by it.

Even were that not the case, the critical issue in the Rooker-Feldman analysis is not whether defendants were directly interested in the state court's decision, but whether the relief they seek can only be granted by this Court's de facto reversal of that decision. The Eighth Circuit Court of Appeals has determined that the parties need not be identical or the issues identically presented for Rooker-Feldman's preclusive effect to apply, so long as the claims presented are "inextricably intertwined." Lemonds, 222 F.3d at 495.

Any finding by this Court that Ordinance 1870 is unconstitutional could only be premised on a reconsideration of the state court's decision. Defendants' argument concerning the sufficiency of evidence to support the amortization ordinance is, therefore, "inextricably intertwined" with issues already adjudicated in state court. Rooker-Feldman bars any further inquiry by this Court. Lemonds, 222 F.3d at 493.

III. Conclusion

Defendants' attack on the validity of Ordinance 1870 collapses into an indirect attack on the validity of Ordinance 1545. That issue has already been decided by a state court of competent jurisdiction, and the time for any appeal of that decision has long lapsed. This Court is barred from interposing its own decision in its stead. Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for a preliminary injunction [Docket No. 12] is granted.

2. Ordinance 1870 is declared valid.

3. Defendants are permanently enjoined from operating Pure Pleasure in a location prohibited by city ordinance.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 31 $^{st}$, 2001

JAMES M. ROSENBAUM
United States District Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500